Crystal Morgan, (SBN: 335712)
Morgan Legal Services, PLLC
2641 E. Uintah St., #9155
Colorado Springs, CO 80932
(720) 900-1065
CMorgan@MorganLegalServicesPLLC.com

Ronda Dixon (SBN: 136858)
Dixon Justice Center
400 Corporate Pointe, Suite 300
Culver City, CA 90230

Attorneys for Petitioner
DAYSTAR PETERSON

## UNITED STATES DISTRICT COURT

## THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAYSTAR PETERSON**, an individual, Plaintiff, vs. **DOE CORRECTION OFFICERS 1-50**, individually and in their official capacity, **Danny Samuel**, individually and in his official capacity, and **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION**, a public entity, Defendants. | Case No.: **COMPLAINT FOR:** **1. 42 U.S.C. § 1983 – 8TH AMENDMENT (Failure to Protect), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (Deliberate Indifference), 3. NEGLIGENCE (Gov. Code § 844.6), 4. NEGLIGENT SUPERVISION AND/OR TRAINING (Monell Policy Claim), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (Cal. Const. Art. I § 1), 7. CONVERSION** **UNLIMITED JURISDICTION** **JURY TRIAL DEMANDED.** |

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED                    1

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.      COMES NOW, Plaintiff DAYSTAR PETERSON (herein "Plaintiff Peterson" or "Peterson," who is publicly known as Tory Lanez), by and through his attorneys, respectfully filing his Complaint for Damages and Injunctive Relief, pursuant to Federal Rules of Civil Procedure sections 3 and 8, for violations of state laws and Constitutional rights, stemming from an egregious attack upon his person, nearly ending Peterson's life, which was caused by a failure to protect and a deliberate indifference to Peterson's safety. In support thereof, Plaintiff Peterson avers as follows:

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over Plaintiff Peterson's claims under 42 U.S.C. § 1983, for violations of the 8th and 14th Amendment, pursuant to 28 U.S.C. § 1331.

3.      Supplemental jurisdiction exists over Peterson's state law claims (negligence under Gov. Code § 844.6, IIED, privacy, conversion) under 28 U.S.C. § 1367(a) as they arise from the same case or controversy.

4.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred at California Correctional Institution (herein "CCI"), 24900 Highway 202, Tehachapi, CA 93561, which lies within this District. Defendants Doe Correction Officers 1-50 and Danny Samuel were employed at CCI, and Defendant California Department of Corrections and Rehabilitation (herein "CDCR") regularly conducts business here.

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED                    2

## PARTIES

5.      Plaintiff Daystar Peterson, (BW0168), publicly known as hip-hop artist "Tory Lanez," is an inmate currently housed at California Men's Colony, P.O. Box 800, San Luis Obispo, CA 93405. At all relevant times, Peterson was housed at CCI, Tehachapi.

6.      Defendants "DOE CORRECTION OFFICERS 1-50" (herein "Does") were CDCR correctional officers and/or supervisory staff at CCI, 24900 Highway 202, Tehachapi, CA 93561, with duties to classify inmates, ensure safety, and prevent violence. Their true names and capacities are unknown; Peterson will amend upon discovery.

7.      Defendant DANNY SAMUEL, Warden of CCI Tehachapi, supervised CCI operations, inmate classification, and safety policies at the time of the May 12, 2025, incident. He is sued individually and officially for deliberate indifference and failure to train and/or supervise.

8.      Defendant "CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION" (CDCR) is a California state agency headquartered at 1515 S Street, Sacramento, CA 95811, responsible for CCI operations, housing assignments, and inmate safety pursuant to California Penal Code § 5000, *et seq*.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      Plaintiff Daystar Peterson fully exhausted all available administrative remedies prior to filing this action, as required by 42 U.S.C. § 1997e(a).

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED                    3

10. On June 9, 2025, Plaintiff Peterson submitted CDCR Form 602 Grievance number 1 regarding Defendants' unlawful seizure and conversion of his original song books containing proprietary lyrics (privacy rights violation).

11. On July 8, 2025, Peterson submitted CDCR Form 602 Grievance number 2 regarding the May 12, 2025, stabbing attack by Inmate Santino Casio, CDCR's failure to protect, improper housing classification with known violent predator, and deliberate indifference to Peterson's safety. Both 602s were timely filed per CDCR DOM § 52070.5 and 15 CCR § 3084.6.

12. Defendants failed to respond to either grievance at any level. No responses were received within the required timelines pursuant to 15 CCR § 3084.8.

13. The complete lack of any response constitutes constructive exhaustion of administrative remedies. (*See Ross v. Blake*, 578 U.S. 632 (2016), no exhaustion required where grievance process is effectively unavailable due to non-response.)

14. Plaintiff Peterson also complied with the California Government Claims Act by filing a proper late claim with ORIM on November 21, 2025 (due to prior counsel's resignation), which was deemed denied for non-response within 45 days. Gov. Code § 911.6(c).

15. True and correct copies of the June 9 and July 8, 2025, Form 602s and ORIM Government Claim are attached hereto as "Exhibit A" and incorporated as if set for fully herein verbatim.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES

16. On May 12, 2025, at approximately 7:30 a.m., Plaintiff Daystar Peterson (BW0168), publicly known as hip-hop artist "Tory Lanez," was unprovokedly stabbed

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED        4

approximately 16 times by Inmate Santino Casio using a homemade "shank" while housed together at California Correctional Institution (CCI), 24900 Highway 202, Tehachapi, CA 93561.

17.    Plaintiff Peterson sustained stab wounds to his back, torso, back of head, and face that left him with permanent scarring, along with two (2) collapsed lungs. He was airlifted in critical condition to Kern Medical Center and placed on ventilator. After his hospitalization, Peterson was then transferred to infirmary before relocation to California Men's Colony.

18.    Peterson was attacked by an individual by the name of Santino Casio, who is an inmate with a violent history. The choice to house Casio with Peterson was known or should have been a known danger. Casio is currently serving a life sentence for second-degree murder, and attempted first-degree murder, for the killing of his 13-year-old pregnant runaway "girlfriend" while he was on parole. It was found that Casio inflicted great bodily injury, while committing said assault with a deadly weapon. His record while incarcerated also is riddled with violent offenses, all of which were known to Defendant's at the time of the housing assignment.

19.    Despite Casio's classification as maximum-security violent predator and Peterson's high-profile celebrity status, which makes him a target, Defendants Does 1-50 and Warden Danny Samuel knowingly housed them together, violating CDCR classification protocols, in accordance with DOM § 62010.10, which calls for decisions to house together or separate inmates by risk factors.

20.    Correctional staff were not immediately present. It is unknown why response was delayed, allowing full attack. This evidences deliberate indifference to foreseeable violence. Moreover, despite posted warnings within the CCI, force was not used to protect Peterson. There

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED          5

were not any flash grenades, smoke bombs, or rubber ammunition expelled to stop Casio from stabbing Peterson repeatedly.

21.     As Plaintiff Peterson was fighting for his life in the hospital, Defendants unlawfully seized Peterson's original song books containing unpublished lyrics with substantial commercial value considering revenues from future streaming and download servers based upon Peterson's past historical charts. These personal books also contained notes between Peterson and his attorney-of-record. No inventory, receipt, or return has been provided.

22.     Defendants' customary practices of understaffing, improper classification, and property mishandling constitute policies and patterns supporting Monell liability.

23.     As direct result, Peterson suffered permanent injuries. It is reasonable to value his damages, considering his celebrity status and earning potential, at $1 million per stab wound, $10 million due to facial scarring leading to career harm, $25 million for pain and suffering along with the property loss of his song books, privileged attorney notes, along with emotional trauma, reputational damage, and the ongoing safety risk that Peterson is currently facing, for a total of $100 million dollars in damages.

## FIRST CAUSE OF ACTION

### Violation of Civil Rights, 42 U.S.C. § 1983 – 8th Amendment – Failure to Protect Against Doe Correction Officers 1-50 and Warden Danny Samuel

24.     Plaintiff Peterson re-alleges and incorporates by reference paragraphs 1 through 23 above as though fully set forth herein.

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED                    6

25.     At all relevant times, Peterson was in Defendants' custody at CCI Tehachapi, to which, Peterson should have been protected through the cruel and unusual punishment clause of the Eighth Amendment to the U.S. Constitution.

26.     Defendants Doe Correction Officers 1-50 and Warden Danny Samuel acted with deliberate indifference to Plaintiff Peterson's safety by knowingly housing Peterson with Inmate Santino Casio, a maximum-security violent predator with multiple prison weapon convictions

27.     This failure to follow CDCR classification protocols found in DOM § 62010.10, which required separation by risk factors, criminal history, and violence potential, were not followed, showing gross negligence. Understaffing the unit so officers could not immediately intervene during the May 12, 2025, attack expounded the risk of ham to Plaintiff Peterson and other incarcerated individuals under their supervision.

28.     The substantial risk of serious harm from housing Plaintiff Peterson with inmate Casio was obvious. Under *Farmer v. Brennan*, 511 U.S. 825, (1994), a deliberate indifference exists when prison official knows of and disregards excessive risk to inmate health/safety that is obvious even if not specifically known. *Id* at 842.

29.     Defendants had actual knowledge of Casio's extreme violence through the CDCR SOMS (Strategic Offender Management System) database documenting Casio's life sentence for murdering a pregnant teenager, multiple prior convictions for assaults with a deadly weapon, coupled with great bodily harm enhancements, and prior prison weapons violations.

30.     Classification Committee Records pursuant to 15 CCR § 3375, require quarterly reviews that flagged Casio as "Close-A" maximum custody and noted his pattern of targeting

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED            7

vulnerable inmates in the past, with the most recent violation just 90 days prior to the attack on Plaintiff Peterson.

31.     Warden Samuel's direct oversight of CCI's "Sensitive Needs Yard" policy meant to separate celebrities like Plaintiff Peterson from violent predators like Casio. Yet Defendants proceeded with co-housing, demonstrating subjective reckless disregard of the obvious danger. Defendants disregarded the known risk and failed to monitor and/or adequately supervise after such a dangerous housing choice, which directly caused Plaintiff Peterson's stab wounds, collapsed lungs, permanent facial scarring, critical life-saving hospitalization, and ongoing trauma. Defendants' conduct shocks the conscience and constitutes cruel and unusual punishment in violation of the 8th Amendment, actionable under 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

### Violation of Civil Rights, 42 U.S.C. § 1983 – 14th Amendment – Deliberate Indifference Against Doe Correction Officers 1-50 and Warden Danny Samuel

32.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33.     In addition to 8th Amendment violations, Defendants' conduct deprived Plaintiff Peterson of his right to due process and right to bodily integrity under the 14th Amendment to the U.S. Constitution.

34.     The 14th Amendment imposes substantive due process obligations on state actors to protect prisoners from state-created dangers. Defendants created or enhanced the danger by choosing to affirmatively place high-profile Plaintiff Peterson with the violent predator Casio

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED          8

despite clear classification red flags. Defendants knew or should have known said risks; thereby failing to provide adequate supervision during known high-risk housing arrangement was negligent. Defendant's negligence was further established as they ignored established CDCR policies requiring separation of celebrity inmates from maximum-security predators.

35.     Defendants' failure to act demonstrates a severe deliberate indifference to Plaintiff Peterson's constitutionally protected liberty interest in personal safety and bodily integrity. At all relevant times, Peterson was in state custody and wholly dependent on Defendants for protection from known and foreseeable violence. Defendants nonetheless ignored the substantial risk posed by housing Peterson with Inmate Casio, a person with an extensive history of violent conduct.

36.     By failing to separate Plaintiff Peterson from that known threat, then failing to provide meaningful supervision, and failing to intervene before the attack escalated, Defendants affirmatively exposed Peterson to a foreseeable assault that resulted in catastrophic physical injury, permanent scarring, and continuing psychological harm. That conduct was not a mere lapse in judgment; it was a conscious disregard of an obvious danger to Peterson's safety and physical integrity. The constitutional right to personal safety in this context was clearly established, under *Kennedy v. City of Ridgefield*, 439 F.3d 1055 (9th Cir. 2006) and *L.W. v. Grubbs*, 974 F.2d 119 (9th Cir. 1992), which recognize that state actors may be held liable when they create or fail to protect against a known danger to bodily security.

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED                    9

37. This state-created danger directly caused Plaintiff Peterson's near-fatal stabbing, permanent injuries, and ongoing safety risk. Said choices shock the conscience and violated Peterson's 14th Amendment due process rights, which are actionable under 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION
### Negligence – Gov. Code § 844.6
### Against All Defendants

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. Government Code § 844.6(d) expressly waives sovereign immunity for public entities and employees when injury results from: (1) failure to summon immediate medical care; (2) failure to control riotous conduct; or (3) an employee's failure to protect a prisoner from injury by other inmates. This statute creates a special duty of care owed to prisoners who are wholly dependent on correctional staff for their safety and security.

40. Said Defendants breached this duty through a failure to follow regulations for such a situation, which resulted in improper housing classification. This series of substandard decision-making placed Plaintiff Peterson with maximum-security predator Casio despite his known violent history. When coupled with the additional failure to supervise and/or monitor the housing unit, it created an opportunity which allowed this unprovoked life-threatening attack. Defendants breached their duty of care, through multiple negligent acts and omissions to act.

41. Delayed emergency response permitting multiple stab wounds across most of Plaintiff Peterson's upper body before intervention caused both of his lungs to collapse and for Peterson to now carry a permanent reminder of this trauma by way of the scar on his cheek. Due

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED          10

to Peterson being publicly known as Tory Lanez, a record-holding music artist, said injuries are critical and have caused severe physical and emotional harm. Moreover, the housing unit was chronically understaffed. Correctional officers were not stationed at immediate vantage points, allowing Casio's unprovoked attack.

42.     Despite Plaintiff Peterson's critical condition with collapsed lungs and voluminous blood loss, responding CDCR staff failed to immediately summon life-flight medical transport, exacerbating Peterson's injuries.

43.     Additionally, and importantly, Defendants herein acted negligently in the handling of Plaintiff Peterson's property as he recovered from his life-threatening injuries. The loss of Peterson's two (2) personal notebooks with unpublished materials for his professional endeavors, along with notes from conversations with his attorney, violated his right to privacy and stripped him of his property without due process as mandated.

44.     The breach of these duties by Defendants named above was the proximate cause of Plaintiff Peterson's near catastrophic injuries. But for the Defendants' negligent classification, supervision failures as per se negligence, and delayed intervention, would Peterson have suffered such severe damages. Therefore, Defendants' negligence entitles Peterson to compensatory damages under Gov. Code § 844.6.

///

///

///

///

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED          11

**FOURTH CAUSE OF ACTION**

**Negligent Supervision and Training – Monell Policy Claim**

**Against Defendant CDCR and Warden Danny Samuel**

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

46. Under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), municipalities and local governments, including state agencies like the CDCR, are liable for constitutional injuries caused by policies, customs, or deliberate indifference in training and/or supervision. Such notion was followed and expanded in *Goldsmith v. Snohomish County*, 281 F.3d 913 (9th Cir. 2002), where the court declared that municipal liability survives even if individual officers are exonerated.

47. Defendant CDCR maintained policies and customs, that included but were not limited to inadequate inmate classification which ignored violent histories and celebrity status risks; chronic understaffing of housing units; and a failure to enforce DOM § 62010.10 separation protocols.

48. With the lack of response and intervention to such a severe and violent situation there plainly is a need for training on protecting high-profile inmates from known violent repeat offenders. Warden Danny Samuel, as policymaker, failed to train and/or supervise officers on recognizing "Close-A" maximum custody risks, such as housing Plaintiff Peterson with Casio.

49. This life-threatening attack further demonstrates a need for training regarding the sensitive needs yard requirements for celebrities like Plaintiff Peterson, with an apparent lack of knowledge on immediate intervention protocols for weapons attacks.

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED                    12

50. CDCR's practice of housing violent predators with high-profile, and thereby vulnerable, inmates was so obvious that policymakers' failure to train and/or supervise amounted to deliberate indifference. (*See Connick v. Thompson*, 563 U.S. 51 (2011) ["To satisfy *Monell*, a plaintiff must show that the municipality acted with 'deliberate indifference' to an obvious need for training..."]; and *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397 (1997) ["A pattern of unconstitutional conduct by subordinates must be shown to prove that the municipality acted with deliberate indifference... [or] a single violation may suffice if the need for training was so obvious and the inadequacy so likely to result in constitutional violations."].

51. These negligent actions and/or omissions to act directly caused Plaintiff Peterson's constitutional injuries. The CDCR and Samuel's *Monell* violations entitle Plaintiff to damages under 42 U.S.C. § 1983.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Against All Defendants

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53. The above-described conduct by Defendants to create a life-threatening safety risk for Plaintiff Peterson, along with their failure to supervise and delayed intervention, was conduct that shocks the conscious, thereby making it outrageous.

54. Defendants were responsible for housing Plaintiff Peterson with a known violent repeat offender, against regulations and policies, and then expanding the risk of harm through a

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED                    13

failure to supervise which was their duty. Such actions and omissions to act demonstrated a reckless disregard of the certainty of severe emotional distress to Peterson after such a violent attack, to which, he is currently attempting to completely return to status quo.

55. As a direct result of said physical attack, Plaintiff Peterson suffers from ongoing emotional and mental damages, which are natural after such a violent near-death experience. Moreover, Peterson lost the value of his property and reputation. Due to the outrageous conduct of Defendants, Plaintiff Peterson is entitled to all compensatory damages with the addition of punitive damages as appropriate, and to be fully averred after all discovery herein is concluded.

### SIXTH CAUSE OF ACTION
### Violation of Privacy Rights – Cal. Const., Art. I, § 1
### Against All Defendants

56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57. The California Constitution, Article I, § 1 guarantees Plaintiff Peterson's inalienable right to privacy, protecting his confidential creative works, including but not limited to unpublished song lyrics and legal notes to advocate for his right to liberty, from unreasonable governmental intrusion.

58. Defendants unlawfully invaded Plaintiff Peterson's privacy by seizing his two (2) original song books as he was hospitalized in critical condition, without legal justification, inventory, or receipt. Retaining Peterson's proprietary lyrics that held great future commercial value through streaming, downloads, and performances, entitles Peterson to compensatory relief.

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED                14

59.     The failure of the CDCR to follow their own property regulations pursuant to 15 CCR § 3190 et seq., requires documented handling of said property and return. The two (2) song books contained highly personal, unpublished lyrics central to Plaintiff Peterson's identity as hip-hop artist publicly known as "Tory Lanez." These materials should have been protected from disclosure under privacy rights stemming from our highest laws of the State of California. (Cal. Const. Art. I, § 1; *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1 (1994)).

60.     Defendants' unauthorized seizure and retention constitute an intentional privacy intrusion with no legitimate penological interest, directly harming Plaintiff Peterson's artistic expression and economic interests. Peterson is entitled to injunctive relief by ordering the immediate return of his two (2) song books, with additional compensatory damages, and attorney's fees, along with any further relief as proven and deemed appropriate.

## SEVENTH CAUSE OF ACTION
### Conversion
### Against All Defendants

61.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 61 as though fully set forth herein.

62.     Plaintiff Peterson was the owner of original song books containing unpublished lyrics with substantial commercial value as the hip-hop artist publicly known as "Tory Lanez." Due to Peterson's loss of possession of these materials, he lost future income through streaming revenue, performances, and downloads, without due process of law.

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED          15

63.     Defendants intentionally exercised dominion over Plaintiff Peterson's two (2) song books by wrongfully seizing them on May 12, 2025, after Peterson was air-lifted to the hospital with multiple stab wounds and collapsed lungs, without legal cause. Pursuant to CDCR DOM § 3094 and 15 CCR § 3190, the CDCR was required to provide an inventory and receipt of said materials in such a situation.

64.     Defendants have continued to exercise total dominion and control over Plaintiff Peterson's property by their continued refusal to return said two (2) song books as demanded in Peterson's Form 602 grievance, dated June 9, 2025. Defendants' unauthorized retention constitutes conversion of Peterson's personal property. No penological justification exists for withholding creative materials from a non-disciplinary inmate.

65.     Plaintiff Peterson has been damaged by loss of: (a) physical property; (b) intellectual property value; and (c) his ability to commercially exploit lyrics during incarceration. Defendants' conversion entitles Peterson to compensatory damages which are the fair market value of such materials as described herein, with punitive damages due to the continued malicious retention of the materials, along with injunctive relief so that Peterson's two (2) song books are immediately returned.

///

///

///

///

///

## JURY DEMAND

Plaintiff Daystar Peterson hereby demands a trial by jury on all issues so triable pursuant to the Seventh Amendment to the U.S. Constitution, Fed. R. Civ. P. 38, and 28 U.S.C. § 1873. This demand is made immediately prior to the Prayer for Relief and applies to all causes of action under 42 U.S.C. § 1983 and state law claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Daystar Peterson prays for judgment and remedies as follows:

A.      Compensatory Damages: $100,000,000 for:

    1.      Medical expenses,

    2.      Physical pain and suffering,

    3.      Permanent facial scarring and lung damage,

    4.      Severe emotional distress,

    5.      Lost earning capacity through his music career,

    6.      Property conversion of two (2) song books and legal notes,

B.      Punitive Damages against Doe Officers 1-50 and Warden Samuel for deliberate indifference and outrageous conduct,

C.      Injunctive Relief:

    1.      Immediate return of Plaintiff's original song books,

    2.      CDCR policy reform for celebrity inmate classification,

D.      Pre- and post-judgment interest at the legal rate,

E.      Attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988 and Local Rules.

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED    17

F.    Trial by jury on all triable issues.

G.    Such other relief as the Court deems just and proper.


Submitted this 14th day of April, 2026,


By: _____

Crystal Morgan (SBN: 335712)


Ronda Dixon (SBN: 136858)


*Attorneys for Daystar Peterson*

COMPLAINT FOR: 1. 42 U.S.C. § 1983 – 8TH AMENDMENT (FAILURE TO PROTECT), 2. 42 U.S.C. § 1983 – 14TH AMENDMENT (DELIBERATE INDIFFERENCE), 3. NEGLIGENCE (GOV. CODE § 844.6),4. NEGLIGENT SUPERVISION AND/OR TRAINING (MONELL POLICY CLAIM), 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 6. VIOLATION OF PRIVACY RIGHTS (CAL. CONST. ART. I § 1), 7. CONVERSION - UNLIMITED JURISDICTION JURY TRIAL DEMANDED                    18