ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General
DAVID E. KUCHINSKY
Deputy Attorney General
State Bar No. 292861
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-7666
  Fax: (916) 324-5205
  E-mail: David.Kuchinsky@doj.ca.gov
*Attorneys for Defendant California
Department of Corrections and Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **DAYSTAR PETERSON,**<br><br>                              Plaintiff,<br><br>**v.**<br><br>**DOE CORRECTION OFFICERS 1-50, et al.,**<br><br>                              Defendants. | 2:26-cv-03991-JLS-AYP<br><br>**DEFENDANT CDCR'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:         August 26, 2026<br>Time:         11:00 a.m.<br>Courtroom:   750<br>Judge:        Hon. Anna Y. Park<br>Trial Date:   Not Set<br>Action Filed: April 14, 2026 |

**INTRODUCTION**

Plaintiff Daystar Peterson alleges that he was attacked by another inmate at the California Correctional Institution (CCI) and that prison staff were deliberately indifferent to his safety and medical needs, breached duties of care owed to him, and unlawfully seized and converted his property. In his Complaint, Plaintiff claims that Defendant California Department of Corrections and Rehabilitation (CDCR) is liable under federal and state law for harm caused as a result of the incident. However, as a state agency, Defendant CDCR is not subject to suit under

1

42 U.S.C. § 1983, and it is entitled to Eleventh Amendment sovereign immunity from suit in federal court. Thus, Defendant CDCR should be dismissed from this case without leave to amend.

## FACTUAL ALLEGATIONS

Plaintiff alleges that on May 12, 2025, while he was housed at CCI, he was attacked by another inmate with an improvised weapon. (Complaint at ¶ 16, ECF No 1.) He claims he suffered significant injuries and underwent extensive medical treatment before returning to prison and then being transferred to a new institution. (*Id.* at ¶ 17.) He further alleges that CCI staff knew that the assailant-inmate had a history of violence and should not have been housed with Plaintiff, who's "high-profile celebrity status" made him a target. (*Id.* at ¶¶ 18–19) He claims that staff were not initially present and failed to respond appropriately to the incident or to provide timely and appropriate medical care. (*Id.* at ¶¶ 20, 41–42.) He further claims that after the attack, staff unlawfully seized his property. (*Id.* at ¶ 21.)

## PLAINTIFF'S CAUSES OF ACTION AGAINST CDCR

Plaintiff asserts the following causes of action against Defendant CDCR:

1) Third Cause of Action, "Negligence – Gov. Code §844.6" (*Id.* at 10-11);

2) Fourth Cause of Action, "Negligent Supervision and Training – Monell Policy Claim" (*Id.* at 12-13);

3) Fifth Cause of Action, "Intentional Infliction of Emotional Distress" (*Id.* at 13-14);

4) Sixth Cause of Action, "Violation of Privacy Rights – Cal. Const., Art. I, § 1" (*Id.* at 14-15); and

5) Seventh Cause of Action, "Conversion" (*Id.* at 15-16).

## STANDARD ON MOTION TO DISMISS

A dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal

2

theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Establishing plausibility requires that the allegations in the complaint "contain sufficient allegations of underlying facts to give fair notice and to enable the oppose party to defend itself effectively." *Kelly v. California Department of Corrections & Rehabilitation*, No. 8:22-cv-02203-FWS-ADS, 2024 WL 4834288, at *3 (C.D. Cal. Oct. 7, 2024) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The factual allegations must also suggest an entitlement to relief, "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* Dismissal under Rule 12(c) is proper where a state agency is immune under the Eleventh Amendment from liability on the plaintiff's claims. *Id.*

## ARGUMENT

### I. AS A STATE AGENCY, DEFENDANT CDCR IS NOT SUBJECT TO SUIT UNDER 42 U.S.C. § 1983.

Plaintiff's Fourth Cause of Action for "Negligent Supervision and Training – Monell Policy Claim" purports to sue CDCR under 42 U.S.C. § 1983. (Compl. at ¶ 46, 51.) But there can be no cause of action under 42 U.S.C. § 1983 against a state agency, because § 1983 applies by its express terms to "persons," and a state is not a person. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff's Complaint invokes *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) for the notion that "state agencies like the CDCR" are

liable for constitutional injuries under § 1983.  (Compl. at ¶ 46.)  But the Supreme Court expressly limited its holding in *Monell* "to local government units which are not considered part of the State for Eleventh Amendment purposes."  *Will*, 491 U.S. at 70 (quoting *Monell*, 436 U.S. at 690 n.54).

CDCR is considered part of the State for Eleventh Amendment purposes. *Brown v. California Department of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009). Therefore, the Court should dismiss Plaintiff's Fourth Cause of Action against CDCR without leave to amend.

## II.   ALL OF PLAINTIFF'S CLAIMS AGAINST DEFENDANT CDCR ARE BARRED BY SOVEREIGN IMMUNITY UNDER THE ELEVENTH AMENDMENT.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Although the amendment does not by its terms prohibit an action against a state by one of the state's own citizens, the Supreme Court has recognized such a prohibition.  *See Welch v. State Dep't of Highways & Public Transp.*, 483 U.S. 468 (1987) (plurality) (citing *Hans v. Louisiana,* 134 U.S. 1, 10 (1890)).  The immunity provided by the Eleventh Amendment extends to suits brought against the State, state agencies, and state departments.  *V.O. Motors, Inc. v. California State Bd. Of Equalization*, 691 F.2d 871, 872 (9th Cir. 1982) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam)).  Furthermore, the immunity extends to claims arising under both state law, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984), and federal law, *Quern v. Jordan*, 440 U.S. 332, 341 (1979).

To overcome the Eleventh Amendment bar, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress's intent must be "unequivocally expressed."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100

4

(1984).  Since there is no general waiver of Eleventh Amendment immunity in federal court, "federal courts cannot assume that a state has waived its sovereign immunity unless the state has explicitly done so." *Hernandez v. McClanahan*, 996 F. Supp. 975, 978 (N.D. Cal. 1998).

As an agency of the state of California, CDCR has Eleventh Amendment immunity from suits for damages arising under federal law.  *Brown*, 554 F.3d at 752 ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court.").

California also has not waived its Eleventh Amendment immunity with respect to state-law claims brought in federal court.  "[A] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst*, 465 U.S. at 99 & n.9 ("a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts").  "Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (citing *Smith v. Reeves*, 178 U.S. 436, 441 (1900); *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47, 54 (1944)).  "A state's waiver of sovereign immunity in its own courts does not effect a waiver of its eleventh amendment immunity in the federal courts." *BV Eng'g v. Univ. of Cal., L.A.*, 858 F.2d 1394, 1396 (9th Cir. 1988).

Plaintiff's Complaint alleges that California Government Code section 844.6(d) expressly waives sovereign immunity for public entities.  (Compl. at ¶ 39.)  But section 844.6(d) does not speak to, nor is it an unequivocal consent to waiver of, the Eleventh Amendment immunity against suit in federal court.  *See Atascadero State Hosp.*, 473 U.S. at 241 ("we decline to find that California has waived its constitutional immunity."); *BV Eng'g*, 858 F.2d at 1396 ("It is true that

California has waived its sovereign immunity for tort actions. … This waiver does not, however, constitute a waiver of eleventh amendment immunity.").

Section 844.6, subdivision (a), provides that, with limited exceptions, a public entity is not liable for an injury caused by any prisoner or an injury to any prisoner. Section 844.6, subdivision (d), provides that a public entity "may but is not required to" indemnify a public employee in such cases. Neither provision authorizes the State to be sued in federal court.

Moreover, the Ninth Circuit has held that California did not waive its Eleventh Amendment immunity by enacting the California Tort Claims Act. *Riggle v. State of Cal., 577* F.2d 579, 586 (9th Cir. 1978). In finding there was no consent to suit in federal court, *Riggle* examined the intent of the entire statutory scheme. (*Id*. at 585–86.) Thus, absent a legal basis to distinguish section 844.6 from the rest of the Tort Claims Act, *Riggle* should be followed as controlling authority. *See, e.g., Guzman v. Van Demark*, 651 F. Supp. 1180, 1184 (C.D. Cal. 1987) ("Simply put, California has not waived its constitutional sovereign immunity in passing its tort claims act." (citing *Riggle*)).

This conclusion is all the more compelling because California state courts have reached the same conclusion: "Tort actions may be brought against the state or its agencies in state court under the California Tort Claims Act (Gov. Code, § 810 et seq.) but may not be brought in federal court, because the consent to suit contained in the act (Gov. Code, § 945) is not a waiver of Eleventh Amendment immunity." *Kirchman v. Lake Elsinore Unified School Dist.*, 83 Cal. App. 4th 1098, 1103 (2000) (citing *BV Eng'g* and *Riggle*). And as the court in *Riggle* observed, "This is a question of state rather than federal law as it involves California's intent in enacting a particular statutory scheme. *Riggle*, 577 F.2d at 585.

Plaintiff's claims against Defendant CDCR are barred by the Eleventh Amendment and should be dismissed.

## CONCLUSION

As a state agency, Defendant CDCR is not subject to suit under 42 U.S.C. § 1983, and it is entitled to Eleventh Amendment immunity from all claims, federal and state, brought against it in federal court.  Thus, the Court should dismiss CDCR entirely from this action without leave to amend.

Dated:  July 29, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General


**/s/ David E. Kuchinsky**


DAVID E. KUCHINSKY
Deputy Attorney General
*Attorneys for Defendant California Department of Corrections and Rehabilitation*

LA2026602259
95730186.docx

7

# CERTIFICATE OF SERVICE

Case Name:    **Peterson, Daystar v. Doe**          No.    **2:26-cv-03991-JLS-AYP**
              **Correction Officers 1-50, et al.**

I hereby certify that on <u>July 29, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANT CDCR'S NOTICE OF MOTION TO DISMISS COMPLAINT**

- **DEFENDANT CDCR'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 29, 2026</u>, at Fresno, California.

<table>
<tr><td>J. Vinton</td><td>*/s/ J. Vinton*</td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

LA2026602259
95730206.docx